UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SABAL TRAIL TRANSMISSION, LLC,

    Plaintiff,

v.                                      Case No. 8:16-cv-640-T-33AEP

9.669 ACRES OF LAND, MORE OR LESS,
IN POLK COUNTY FLORIDA, ET AL.,

    Defendants.
_____/

**ORDER**

    This case is before the Court on Plaintiff Sabal Trail Transmission, LLC's Motion to Reconsider Order Granting Limited Expedited Discovery (Doc. # 35), filed on April 26, 2016, and Defendant's response in opposition (Doc. # 37), filed on April 28, 2016. For the reasons that follow, the Motion is granted in part and denied in part.

**Discussion**

    On April 20, 2016, this Court entered an Order granting limited expedited discovery in order for Defendant Benner Land Corporation to obtain information necessary and relevant to defending against Sabal Trail's motion for partial summary judgment and motion for preliminary injunction. (Doc. # 31). The Order directed Sabal Trail to make a good faith effort to produce certain documents by April 29, 2016, and to make three

1

individuals – Brian Armitage, Marty Bass, and Ed Gonzales – available for depositions by that date. (Id. at 5-6). In its Motion for Reconsideration, Sabal Trail requests that the Court modify its April 20, 2016, Order. (Doc. # 35).

A court may only grant a motion for reconsideration under Rule 59(e), Fed. R. Civ. P., if it is based on "newly-discovered evidence or manifest errors of law or fact." Anderson v. Fla. Dep't of Envtl. Prot., 567 F. App'x 679, 680 (11th Cir. 2014) (quoting Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007)). Granting relief under Rule 59(e) is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." U.S. v. DeRochemont, No. 8:10-cr-287-T-24-MAP, 2012 WL 13510, at *2 (M.D. Fla. Jan. 4, 2012) (citation omitted).

A party "cannot use a Rule 59(e) motion to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Michael Linet, Inc. v. Village of Wellington, Fla., 408 F.3d 757, 763 (11th Cir. 2005). Rather, this Court recognizes three grounds to justify reconsideration of a prior order under Federal Rule of Civil Procedure 59(e): "(1) an intervening change in controlling law; (2) the availability of new evidence; and

2

(3) the need to correct clear error or manifest injustice." Fla. Coll. of Osteopathic Med., Inc. v. Dean Witter Reynolds, Inc., 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998).

Here, Sabal Trail contends that reconsideration of the Court's April 20, 2016, Order is necessary to correct clear error or manifest injustice. (Doc. # 35 at 2-3). As such, Sabal Trail requests that the Court revise its Order as follows: (1) relieve Sabal Trail of its obligation to produce Marty Bass for deposition by April 29, 2016; (2) allow Sabal Trail to assert legally cognizable privileges with respect to the expedited discovery if those privileges are documented in a privilege log; (3) require Defendant to keep any documents produced pursuant to the Court's April 20, 2016, Order confidential, except to the extent Defendant may use the documents to support its claims and defenses; and (4) relieve Sabal Trail of its obligation to produce documents responsive to Request Nos. 3, 9, 13, 16, and 20 of Defendant's First Request to Produce (Doc. # 26-1), or limit production to documents available on the FERC eLibrary or Plaintiff's website. (Doc. # 35).

Defendant does not oppose the requested modifications as to (1) through (3), and the Court finds these modifications appropriate. Thus, the only remaining issue before the Court

3

is whether to modify Sabal Trail's obligation to produce documents responsive to Request Nos. 3, 9, 13, 16, and 20 of Defendant's First Request to Produce. When the Court tailored the scope of expedited discovery the first time, it implicitly determined that each of these categories of documents is necessary and relevant to Defendant's ability to respond to Sabal Trail's motions for partial summary judgment and preliminary injunction. The Court has not been persuaded otherwise, nor is it persuaded that Sabal Trail has identified a "clear error" or "manifest injustice" in the terms of the scope of expedited discovery. Thus, the Motion for Reconsideration is due to be denied to the extent Sabal Trail seeks relief from producing those categories of documents.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiff's Motion to Reconsider Order Granting Limited Expedited Discovery (Doc. # 35) is **GRANTED** in part to the extent described below.

(2) Plaintiff is relieved of its obligation to produce Marty Bass for deposition by April 29, 2016.

(3) Plaintiff may assert legally cognizable privileges with respect to the expedited discovery if those privileges are documented in a privilege log.

4

(4) Defendant shall keep any documents produced pursuant to the Court's Order (Doc. # 31) confidential as against any individual or entity that is not a defendant to the Sabal Trail cases pending in the Middle District of Florida, except to the extent Defendant may use the documents to support its claims and defenses.

(5) Plaintiff's Motion to Reconsider Order Granting Limited Expedited Discovery (Doc. # 35) is **DENIED** to the extent that it seeks reconsideration the Court's Order to produce Request Nos. 3, 9, 13, 16, and 20 of Defendant's First Request to Produce.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 29th day of April, 2016.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE